**In re Gerald I. SUGARMAN, J.D., M.D., Debtor.**

**Bankruptcy No. 89–02389–H11.**

United States Bankruptcy Court, S.D. California.

Feb. 25, 1992.

Theodore W. Graham, Brobeck, Phleger & Harrison, San Diego, Cal., for Brobeck Phleger.

Victor A. Vilaplana, Alan Van Derhoff, Sheppard, Mullin, Richter & Hampton, San Diego, Cal., for Sandra Sugarman.

Margaret M. Mann, Christopher Celentino, Luce, Forward, Hamilton & Scripps, San Diego, Cal., for trustee.

Jeffrey S. Styers, Rasmussen and Styers, San Diego, Cal., for O.C.C.

Herbert J. Wolas, Wolas, Soref & Ickowicz, Los Angeles, Cal., for debtor.

Diane M. Cook, Cook & Wheeler, San Diego, Cal., for Darlene Sugarman, etc.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether Brobeck, Phleger & Harrison's ("Brobeck") Chapter 11 post-trustee's services are compensable as an administrative expense and whether the court may allow any non-administrative portion of approved fees as an unsecured claim against the debtor's exempt property and post-petition earnings.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157 and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## FACTS

Gerald I. Sugarman, J.D., M.D. ("debtor"), instituted his Chapter 11 case on

March 31, 1989. As noted in Brobeck's pleadings, the debtor filed his petition in the context of his acrimonious domestic relations dispute with his former wife, Ms. Sandra Sugarman ("Ms. Sugarman"), rather than in the more common bankruptcy setting of a dispute between a debtor and his creditors. The hostility and the animosity that characterized the debtor's relationship in the dissolution proceedings with Ms. Sugarman further complicated these proceedings. It is clear from the record, that at the time the debtor filed his petition, he believed that the state court had erred substantially regarding a division of marital property. Largely in response to the state court's decree, the debtor instituted these proceedings.

After more than one year of the debtor operating in possession and no plan in sight, the court appointed Wilford D. Willis as Chapter 11 trustee ("trustee") on May 4, 1990. The court also appointed the trustee Chief Executive Officer of the debtor's wholly owned corporation known as Gerald I. Sugarman, M.D., Inc. d/b/a Los Feliz Medical Group ("Medical Group"). From June 1990 through August 1990, the trustee and his attorneys met with the debtor on numerous occasions to obtain an accurate accounting of the Medical Group financial affairs and to obtain a turnover of Medical Group assets including patient records, cash, personal property and accounts receivable. The debtor confronted the trustee with the same hostility and animosity that he had demonstrated towards Ms. Sugarman.

The dispute with the trustee culminated in the court finding the debtor in contempt on October 24, 1990. Thereafter, the court sanctioned the debtor the sum of $185,943.63 representing costs and attorney fees incurred by the trustee, his attorneys, and his accountants in uncovering and protecting estate property and enforcing restraining orders issued by the court. (Memorandum Decision dated August 23, 1991).

Brobeck contends that it was in the context of this hostile environment that it undertook representation of the debtor and continued in its efforts to produce a resolution acceptable to all parties. Brobeck argues that it cooperated with the trustee in attempting to compel the debtor to comply with the court's restraining order and to turnover Medical Group property to the trustee. Brobeck claims that it refused to accede to the debtor's demands, which Brobeck notes in hindsight, were clearly motivated to frustrate the trustee's attempt to take control of the Medical Group.

## DISCUSSION

Brobeck filed its initial final application for fees and costs on March 25, 1991. Brobeck requested the court to allow $102,551.00 in fees and $8,880.21 in out of pocket expenses incurred from May 17, 1989 to January 31, 1991. Of the total fees sought in the application, Brobeck requested that the court award $87,106.50 as an administrative claim and $15,445.00 as an unsecured claim against the estate subordinate to all creditor claims. Brobeck later reduced its administrative claim to $47,905.75 in fees and $3000.00 in costs and requested all remaining fees and costs be awarded as an unsecured claim against the debtor's exempt and post-petition assets.

The trustee, debtor, Official Creditors Committee, and Ms. Sugarman filed objections to Brobeck's application. The debtor's objection focused on the reasonableness of the fees; the other objections discussed Brobeck's administrative claim.

### A. Administrative Claim.

■ Several cases discuss the role of a debtor's attorney and the appropriateness of attorney fees after a trustee has been appointed. The cornerstone case is *In re NRG Resources, Inc.,* 64 B.R. 643 (W.D.La. 1986). In *NRG Resources, Inc.* the district court vacated the bankruptcy court's order and denied fees for the debtor's attorney because the attorney performed services for the estate without court authorization to act as the Chapter 11 trustee's special counsel. Other courts have eased the strict per se *NRG Resources* standard and allow post-trustee professional fees where the services actually benefit the estate. *In re TS Industries, Inc.,* 125 B.R. 638, 643

(Bankr.D.Utah 1991); *In re Coastal Equities, Inc.*, 39 B.R. 304 (Bankr.S.D.Cal.1984). Likewise, the court is reluctant to adopt a per se rule on post-trustee attorney fees and opts for the more flexible case by case benefit analysis.

Brobeck's administrative claim consists of the following categories:

| CATEGORY OF SERVICES REQUESTED IN THE APPLICATION | TOTAL FEES REQUESTED PER CATEGORY |
|---|---|
| 1. Negotiation, documentation and hearings regarding relief from stay | $1,447.50 |

Brobeck's entries for June 1990 are confusing. After reviewing the court docket, the court finds that there were no relief from stay hearings in June 1990 involving the debtor. The court, however, will allow $980.00 of the $1,447.50 requested because Brobeck's services relate to a response filed on behalf of the debtor prior to the appointment of the trustee.

| | |
|---|---|
| 2. Issues regarding settlement and sale of the medical practice and related accounting matters | $2,712.50 |

At the December 13, 1990, interim fee hearing, the court expressed its concern regarding Brobeck's request for compensation for services in this category. The court finds that Brobeck failed to show that the services rendered actually benefitted the estate. A review of the time records indicate that the services were concerned with negotiating a purchase on behalf of the debtor of his former medical practice. If the negotiations had proved successful, the benefit to the estate would only have been incidental. The fees in this category are disallowed.

| | |
|---|---|
| 3. Answer trustee's demands related to the marshalling of assets and assisting trustee in administering the estate | $20,964.00 |

Although the debtor repeatedly refused to cooperate with the trustee and his attorneys as required under § 521, Brobeck's time sheets reflect numerous attempts to convince the debtor to comply with the court's restraining order and to provide trustee's counsel with answers regarding missing estate assets. After reviewing the time records and the trustee's comments, the court concurs with the trustee's analysis that $12,632.25 is compensable.

| | |
|---|---|
| 4. Issues regarding compensation to trustee | $3,821.25 |

The Brobeck firm objected to the trustee's request of a salary of $6,000.00 per month. After considering Brobeck's objection, the court awarded the trustee a lesser amount than requested. The court will allow this sum as an administrative expense.

| | |
|---|---|
| 5. Preparation and review of Brobeck and accountant fee applications | $15,881.75 |

Brobeck's time records filed with its final application requests services totalling $950.00 rendered on behalf of the debtor in May and June 1989. The remaining services reflected in the time records commenced on June 30, 1990, after the appointment of the trustee on May 4, 1990, when the debtor was not in possession.

Although the Ninth Circuit in *In re NuCorp Energy, Inc.*, 764 F.2d 655 (1985), authorized compensation for services rendered in preparing and litigating fee awards, it is clear that the holding in *NuCorp Energy, Inc.* and § 330 of the Bankruptcy Code only allow such compensation for the debtor's court authorized attorneys when the debtor is in possession. Since Brobeck's services rendered on behalf of the debtor in possession total only $950.00, any award of attorneys' fees for the preparation of the fee application for that sum would be excessive.[1]

---

[1] Most of the services rendered on behalf of the debtor from the inception of the case on March 31, 1989 through May 1990, when the trustee was appointed, were rendered by attorney Nathan E. Jones, co-counsel to the debtor. Jones withdrew when the trustee was appointed because his partner was the husband of one of the trustee's primary attorneys in the case.

Brobeck also requests a 50% reimbursement for preparation of the debtor's application for living expenses and related documents and research amounting to $926.25, and issues regarding approval of or objections to the trustee's reorganization plan and disclosure statements amounting to $2,152.50.

The court concurs with the trustee's objection that there simply is no evidence of any benefit to the estate from these services. Therefore, they cannot be compensated from the estate. The court disallows all fees requested under this category.

**6. Costs**             **$3,000.00**

The court allowed Brobeck $3,000.00 at the interim fee hearing on December 13, 1990. Although Brobeck has advanced costs of some $13,969.29, Brobeck only requests as an administrative expense the $3,000.00 already awarded by the court. The court finds the request reasonable and will allow $3,000.00 in costs as an administrative expense.

---

Accordingly, Brobeck is entitled to an administrative claim payable from the estate of $17,433.50 in fees and $3,000.00 in costs. Any sums received from either Brobeck's pre-petition retainer or from the estate in excess of this amount shall be returned to the trustee within 30 days after the entry of an order approving these fees.

**B.** *Reasonableness of the Fees Charged to the Debtor.*

Brobeck seeks judgment from the court against the debtor for the balance of its fees not requested or allowed as an administrative expense.

The debtor, an attorney, filed his objection to Brobeck's fees on March 28, 1991. The gist of the objection is that Brobeck's fees were unnecessary and excessive.

**1.** *Jurisdiction.*

At the fee hearing on May 14, 1991, Herbert J. Wolas ("Wolas") represented the debtor when Brobeck attorneys Amy L. Corton ("Corton") and Theodore W. Graham ("Graham") testified. Wolas objected to the court's jurisdiction to determine the reasonableness of the fees vis-a-vis the debtor and the court's jurisdiction to adjudicate a final judgment against the debtor's post-petition exempt assets.

Brobeck contends that to the extent the services by debtor's counsel do not benefit the estate, counsel may look to the debtor's exempt property or post-petition earnings or both. The cases cited by Brobeck, however, do not definitively decide in what forum this action should proceed.

Because Brobeck's services were rendered in connection with the debtor's bankruptcy, the court concludes that it has jurisdiction to determine whether Brobeck's services were reasonable and may be charged to the debtor. *In re Shirley*, 134 B.R. 940 (1992). In *Shirley*, the debtor's counsel brought a motion for relief from stay to pursue adjudication and collection of his attorney fees in state court. The Bankruptcy Appellate Panel (BAP), in affirming the bankruptcy court's denial of the motion, noted that counsel's services were rendered in connection with the bankruptcy and therefore "the entire matter falls squarely within the governance of the Bankruptcy Code provisions concerning employment of professionals and payment of fees."

Further, debtor's Chapter 11 counsel failed to obtain court authorization appointing him as debtor's counsel. *Id.* at 941. After the bankruptcy court denied his final fee application because he had not been previously employed by the court, debtor's counsel filed a state municipal court action to recover those fees based upon theories of quantum meruit, breach of contract, fraud, and on account stated. The BAP held that the "Bankruptcy Code and Federal Rules of Bankruptcy Procedure operate to preclude fee awards for services performed on behalf of her bankruptcy estate based upon state law theories not provided for by the Code." *Id.* at 942.

Additionally, the debtor in this case has also been afforded procedural protections pursuant to Federal Rule of Bankruptcy Procedure 9014 because all hearings to determine the reasonableness of fees in this case were designated as contested matters.

### 2. *Fee Categories.*

■ The court examined the various categories set forth in Brobeck's supplemental memorandum filed on May 3, 1991, and allows the following fees and expenses:

| CATEGORY OF SERVICES REQUESTED IN THE APPLICATION | TOTAL FEES REQUESTED PER CATEGORY |
|---|---|
| 1. Negotiation, documentation and hearings regarding relief from stay | $2,242.50 |

Brobeck requested $1,447.50 of the total fees as an administrative expense. The court previously allowed $980.00 and disallowed the balance as not supported by the court's docket. Accordingly, Brobeck is entitled to $795.00 from the debtor.

| 2. Issues regarding settlement and sale of the medical practice and related accounting matters | $5,395.00 |

The court finds this charge reasonable and will allow it in full.

| 3. Research on bankruptcy issues | $6,077.00 |

The court's analysis of Brobeck's time records commencing in June 1990 and continuing through November 21, 1990 reveals research on such issues as compensation for the debtor, the powers of the trustee, computer issues and "various issues," whether retirement plan funds are property of the estate, sale of the debtor's boat, medical ethics issues and withdrawal of counsel. Most of the research was performed by either Ms. Corton or lesser billing associates. With the exception of the research on "various issues for motions" which the court has disallowed for lack of specificity, the court concludes that the services were reasonable and necessary and assisted the debtor in his case. The court calculates these fees, using Brobeck's hourly rates and time expended to be $5,047.50. The difference between the $6,077.00 requested by Brobeck and the $5,047.50 allowed by the court represents research on Brobeck's application for its attorney fees as administrative claims and amounts disallowed for lack of specificity and will not be charged against the debtor.

| 4. Answer trustee's demands related to the marshalling of assets and assisting trustee in administering the estate | $22,652.50 |

The court previously allowed fees of $12,632.25 in this category as an administrative expense. The court will allow Brobeck to charge the balance of $10,020.25 against the debtor. The time records reveal that Brobeck repeatedly counseled the debtor regarding his duties under § 521 and his requirement to comply with the court's orders regarding turnover of estate assets. The time charged is also reasonable.

| 5. Issues regarding litigation and disputes, including continuances, temporary restraining orders, sanctions, injunctions, depositions and responses to trustee's motions | $36,614.25 |

This category relates to the numerous adversary proceedings involving the debtor and the trustee and/or the debtor's relatives. The court will allow the fees with the exception of 33.50 hours of services rendered by paralegal Robert W. Davis at $90.00 per hour for summarizing the deposition of a Ms. Khanbabian. Based on the court's experience, this time is excessive. Absent a showing of unusual circumstances, a maximum of 10 hours would be sufficient to summarize a deposition. Accordingly, the court will reduce these fees by $2,115.00 (23.50 hours × $90.00) so that the total fees charged to the debtor are $34,499.25.

6. **Issues regarding compensation to trustee**      $3,607.50

The court allowed this charge in full as an administrative expense. Thus, it will not be charged to the debtor.

7. **Prepare application for living expenses for debtor and related documents, research, etc.**      $2,118.00

The court finds these fees reasonable and were necessary for the debtor's benefit. Accordingly, the charge is allowed.

8. **Prepare application for reinstatement of the debtor and related documents, research, etc.**      $1,871.00

The court will allow these services as reasonable and necessary.

9. **Prepare motion to terminate trustee and related documents, research, etc.**      $3,187.25

The court allows these fees as reasonable and necessary.

10. **Issues regarding compensation claims of debtor's associate attorney in debtor's law practice**      $ 357.50

The court allows these fees as reasonable and necessary.

11. **Documentation and negotiation regarding opposition to trustee's proposed sale of debtor's boat and automobile**      $2,628.50

The court allows these fees as reasonable and necessary.

12. **Issues regarding approval of or objections to trustee's reorganization plan and disclosure statements**      $4,355.00

The court allows these fees as reasonable and necessary.

13. **Prepare motion to withdraw as counsel for debtor, hearings regarding same and related services**      $4,820.00

The court allows these fees as reasonable and necessary because the debtor apparently refused to allow Brobeck to resign as his counsel.

14. **Prepare motion to compel trustee to comply with court orders**      $ 292.50

The court allows these fees as reasonable and necessary.

15. **Prepare and review attorney and accountant fee applications**      $28,796.75

With the exception of services totalling $950.00 rendered between May and June 1989, Brobeck's time records reveal that its services performed in connection with this fee application commenced on June 13, 1990 and continued to the spring of 1991. Brobeck applied for and obtained an order authorizing its withdrawal as counsel for the debtor on November 13, 1990. With very few exceptions, the bulk of Brobeck's services rendered after November 13, 1990, were incurred in preparing its interim and final fee applications, responding to numerous written objections thereto and appearing before the court on May 14, 1991, and revising its fee application thereafter. As the court noted earlier, § 330 and *In re NuCorp Energy, Inc.* do not authorize compensation for time spent in preparing fee applications and litigating fee awards as a claim against the debtor unless the debtor is in possession.

Absent any statutory basis for the recovery of this category of fees, the court examines whether any contractual basis for recovery exists between Brobeck and the debtor. Brobeck offered no evidence of a written fee agreement or contract between itself and the debtor. The only evidence the court could find was a copy of a written fee agreement dated April 25, 1989 that was addressed to the debtor and attached to a declaration of attorney Graham filed concurrently with Brobeck's application for authority to be employed as co-counsel filed on May 4, 1989. The

agreement recites that the debtor agrees to pay "reasonable fees for services rendered, and to reimburse the firm's costs." The agreement also provides that the debtor agrees "to pay the cost of collection, including a reasonable attorney's fee and costs, if collection is required." A copy of the letter attached to attorney Graham's declaration, however, is unsigned by the debtor. Thus, without a statutory or contractual basis for attorney fees, the court cannot award Brobeck any of its fees.

Although the court will not allow Brobeck to charge the debtor for the time incurred in preparation of its fee applications, it will allow Brobeck to charge the debtor for fees incurred in preparing the application of debtor's accounting firm, Brown, Liefer, Slakin & Burns. These accountancy fees were allowed as an administrative expense on April 2, 1991. Accordingly, the debtor benefitted by having the estate pay these fees. The court calculated Brobeck's time in preparing the accounting firm application at $1,710.00 and will allow these fees as reasonable and necessary.

16. **Prepare alternate findings of fact and order regarding contempt proceeding**       **$5,326.25**

The court will allow these fees in full because the court adopted the alternative findings of fact prepared by Brobeck.

17. **Prepare answer to adversary proceeding # 909531**       $ 415.00

The court allows these fees as reasonable and necessary.

18. **Prepare answer to adversary proceeding # 90419**       $ 657.50

The court allows these fees as reasonable and necessary.

19. **Miscellaneous**       $ 912.25

The court disallows these fees for lack of specificity.

---

In sum, Brobeck may charge the debtor total fees of $83,495.50, and the court will allow Brobeck to charge the sum of $8,880.21 for reimbursement of costs, for a total claim of $92,375.71.

## CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052. Counsel for Brobeck is directed to file with this court an order in conformance with this Memorandum Decision within ten (10) day from the date of entry hereof.