**In re MELP, LTD., Debtor.**

**Bankruptcy No. 90–00153–399.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

July 31, 1992.

Gerald A. Rimmel, Nora Ryan, Clayton, Mo., for Limited Partner.

E. Rebecca Case, St. Louis, Mo., for General Partner.

Scott Greenberg, St. Louis, Mo., for debtor.

Steven M. Hamburg, St. Louis, Mo., for trustee.

David A. Sosne, St. Louis, Mo., trustee.

John K. Pruellage, St. Louis, Mo., for Berthold Nursing Center.

John S. Meyer, Jr., St. Louis, Mo., for Commerce Bank.

## AMENDED MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

This case involves a Chapter 11 proceeding where the Debtor's business is operating so profitably post-petition that all pre-petition creditors have been paid in full or arrearages have been paid, long term debt is current, and the business is generating a substantial surplus each month. The issue in this case is whether dismissal is appropriate where the only purpose to be served by continued bankruptcy proceedings is the resolution of an intra-company dispute between the Debtor's general and limited partner as to who will control the Debtor's business after reorganization and thereby reap the substantial profit.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to

28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(A).

## FACTS

The parties in this case have not stipulated to any facts. Indeed, based upon the contested nature of every procedure in this lengthy case, the Court believes there is little to which the parties would stipulate. The recitation of facts which follows is provided as a historical background for the conclusion reached in this opinion.

MELP, Ltd. (the "Debtor" or "MELP") is a Missouri limited partnership. Its general partner is Medigroup, Inc. ("Medigroup"). Medigroup has a one percent interest in the partnership. The remaining 99 percent interest is held by the sole limited partner, Harvey Friedman ("Friedman"). MELP is the beneficial owner of a nursing home facility. MELP developed this facility through the issuance of industrial revenue bonds. Commerce Bank is the assignee entitled to payment under these bonds. Debtor's nursing facility is operated by Berthold Nursing Center, Inc. ("Berthold"), an unrelated Missouri corporation. Through a series of subleases, Berthold pays rent monthly to the Debtor substantially in excess of the Debtor's obligation to Commerce bank under the development bonds. This upstream rental income is the Debtor's sole source of revenue.

Despite the substantial excess rents received each month from Berthold, Debtor, at some point pre-petition, ceased paying its various financial obligations. Debtor failed to pay its real and personal property taxes for the years 1987 through 1990, and did not make debt service to Commerce Bank on the development bonds for the months of August through December of 1989. On January 16, 1990, MELP filed for protection under Chapter 11 of the U.S. Bankruptcy Code (11 U.S.C. § 101 et seq. (1989)) in order to forestall a threatened foreclosure by Commerce.

At the time of filing Debtor's petition for relief, Debtor had four unsecured creditors: the Collector of Revenue for the City of St. Louis, (real estate taxes), Medigroup and a related entity (monies loaned), and Friedman (monies loaned). Shortly after commencement of this case the Court ordered the appointment of an examiner who reported substantial unauthorized transfers of funds of the Debtor to related limited partnerships. Subsequently, an operating trustee was appointed. Since appointment of the trustee, all pre-petition tax obligations and unsecured claims except for the obligation to Friedman which the Debtor disputes have been paid. The Debtor's obligation to its secured lender is current and the estate is continuing to make principal and interest payments as they come due.

Upon the filing of Debtor's petition for relief, Berthold refused to make rental payments to the estate because of the Debtor's pre-petition failure to make payments to Commerce on the underlying bonds. The Trustee has established an escrow account into which Berthold is now making all payments and as a result, Debtor's business is again generating substantial excess income over expenses each month.

Friedman recently filed a Plan of Reorganization in which he proposes to remove Medigroup as the general partner. Medigroup has lodged numerous objections to Friedman's Disclosure Statement and has strenuously objected to having its interest in the partnership and its right to the stream of excess rents eliminated through Friedman's Plan. Thereafter, Debtor filed the present Motion to Dismiss. In its motion, Debtor asserts that because the Debtor had previously resolved all matters with disinterested creditors, Debtor's bankruptcy case has become solely a dispute between the Debtor's general and limited partners over the lucrative proceeds of the Berthold lease. Debtor complains that these matters are purely state law issues and asserts that state court is the proper forum for this intra-company battle.

## DISCUSSION

### *Abstention under § 305*

■ Debtor has moved this Court to dismiss this case under § 305(a) of the Bankruptcy Code. That section states:

(a) the Court, after notice and a hearing, may dismiss a case under this Title, or may suspend all proceedings in a case under this Title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension.

(11 U.S.C. § 305(a)(1)).

This Court declines Debtor's invitation to dismiss this case under § 305(a). Section 305 is an extraordinary remedy which is not reviewable on appeal (*See*, § 305(b)). It has been employed primarily in cases where the following three criteria are present:

1. The case arises from an involuntary bankruptcy petition filed by a few recalcitrant creditors and most creditors oppose bankruptcy;

2. There is a state insolvency proceeding or other equitable and concrete out-of-court arrangement pending; and

3. Dismissal or suspension is in the best interest of the debtor and all creditors.

*In re RAI Marketing Service, Inc.*, 20 B.R. 943, 946 (Bankr.Kan.1982). *See also, In re Nina Merchandise Corp.*, 5 B.R. 743 (Bankr.S.D.N.Y.1980); *In re Michael S. Starbuck, Inc.*, 14 B.R. 134 (Bankr. S.D.N.Y.1981).

In *In re Beacon Reef Ltd. Partnership*, 43 B.R. 644, 646 (Bankr.S.D.Fla.1984), however, the bankruptcy court abstained from hearing an involuntary case under § 305(a) even though there was no insolvency proceeding existing at state law. The court reasoned that abstention was appropriate because the involuntary bankruptcy proceeding was little more than a dispute between a general and limited partner which could be resolved in state court. Moreover, in *Beacon Reef*, the debtor had few creditors and no need to reorganize its affairs under Chapter 11. Accordingly, abstention was appropriate.

Conversely, while MELP also involves a two party, intra-partnership dispute, MELP differs in that it needed the protection of Chapter 11 when it filed its voluntary petition. Now, however, MELP has successfully reorganized and is attempting to litigate its partnership dispute through the confirmation process. Under these circumstances, the Court feels abstention under § 305(a) is not appropriate.

### *Dismissal under § 1112(b)*

■ Section 1112(b) provides an alternate and more appropriate provision under which to consider dismissal of the instant case which the Court may raise *sua sponte* under § 105(a). Section 1112(b) states:

(b) ... on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(11 U.S.C. § 1112(b) emphasis added)

Section 1112(b) has two requirements for dismissal. Dismissal must be in the "best interest of creditors and the estate" and "cause" must exist for dismissal.

### 1. *Best Interests*

In the instant case, dismissal is in the best interests of both creditors and the estate. Dismissal is in the best interests of creditors because since the Debtor has paid all its pre-petition creditors and is remaining current on its post-petition obligations, there is no need for continued oversight by the Bankruptcy Court. Commerce Bank, the Debtor's remaining (long-term) creditor has objected to dismissal of the case, alleging that without the Court's oversight, the Debtor may encounter the same problems which led to its filing. The Court is not persuaded by this argument because the current escrow arrangement which is operating to safeguard payments to the Debtor while in Chapter 11 may be employed after the case is dismissed. Moreover, a state court receiver may be appointed to ensure orderly operation of the Debtor's business and distribution of its handsome profits

until such time as the partnership litigation is resolved.

The best interest of the Debtor is not disputed. Indeed, the Motion to Dismiss was filed by the Debtor. Continued litigation in the bankruptcy court of issues involving only state partnership law when the purpose of the Bankruptcy Court has been served only burdens the state law determination with the overlaying and unnecessary complexities of the bankruptcy process.

### 2. *"Cause" under § 1112(b)*

"The central purpose of the Bankruptcy Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy a 'new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.' " *Grogan v. Garner,* — U.S. ——, ——, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) *quoting, Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). In this case, MELP came into bankruptcy court seeking the protection of the automatic stay to enable it to reorder its affairs and make peace with its creditors. This purpose has been successfully achieved.

Although Friedman asserts that questions remain regarding his status and that of the general partner with respect to the Debtor's business and its generous profits, these issues are state limited partnership issues which this Court shall defer to the state courts to address. More appropriate forums exist in which the parties may litigate their entitlement issues. Indeed, Bankruptcy Court should not be used as an alternative approach to state court procedures to resolve intra-company management and ownership disputes. *In re Trina Assoc.,* 128 B.R. 858, 869 (Bankr. E.D.N.Y.1991). Rather, bankruptcy courts should become involved in cases only if the bankruptcy court's services are needed to truly reorganize a debtor who is having financial problems. *Albany Partners, Ltd. v. Westbrook, (In re Albany Partners, Ltd.),* 749 F.2d 670, (11th Cir.1984). This

Debtor has achieved reorganization. To continue in bankruptcy after the purpose of the bankruptcy court has been achieved is inappropriate, and is, in the mind of this Court, "cause" for dismissal of a proceeding under § 1112(b). Accordingly,

IT IS ORDERED that Debtor's Motion to Dismiss be and is hereby GRANTED.

IT IS FURTHER ORDERED that the effect of this Order shall be stayed 10 days to provide an opportunity for the filing of any motions or application for fees which the parties deem appropriate to file prior to dismissal of the case. A final order of Dismissal will be entered by separate order of the Court.