In re MELP, LTD., Debtor.

Harvey A. FRIEDMAN, Appellant,

v.

MELP, LTD., Appellee.

No. 4:92CV01780 GFG.

United States District Court,
E.D. Missouri,
Eastern Division.

March 28, 1995.

---

Scott Greeburg, Davis and Davis, St. Louis, MO, for Melp, Ltd., Davis & Davis.

Gerald A. Rimmel, Partner, Norah J. Ryan, Susman and Schermer, St. Louis, MO, for Harvey A. Friedman.

Steven M. Hamburg, Summers and Compton, St. Louis, MO, for David A. Sosne.

James S. Cole, Jr., Asst. U.S. Trustee, U.S. Dept. of Justice, Office of Trustee, Carol Ann Robinson, St. Louis, MO, for James S. Cole.

Rebecca Case, Reizman and Blitz, St. Louis, MO, for Medigroup, Inc.

### *MEMORANDUM*

GUNN, District Judge.

This matter is before the Court on an appeal from an order of the United States Bankruptcy Court for the Eastern District of Missouri approving the second interim application of Davis & Davis, a law firm, for compensation and reimbursement of expenses.

By the challenged orders, the bankruptcy court awarded Davis & Davis, the counsel representing MELP, Limited ("debtor") in its Chapter 11 bankruptcy proceeding, a total of $22,902.50 in professional fees and $692.32 in expenses, to be paid out of a fee escrow account.

### I. JURISDICTION AND STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction over this appeal because the underlying bankruptcy has been dismissed, *see In re Melp, Ltd.*, 143 B.R. 890 (Bank.E.D.Mo.1992), and the question of reasonable compensation for a debtor's attorney is "an ancillary matter ... not ... rendered moot by the dismissal of the underlying bankruptcy proceeding." *Dahlquist v. First Nat'l Bank (In re Dahlquist)*, 751 F.2d 295, 298 (8th Cir.1985).

This Court reviews a bankruptcy court decision regarding debtor's attorney's fees for abuse of discretion. *Grunewaldt v. Mutual Life Ins. Co. of New York (In re Coones Ranch, Inc.)*, 7 F.3d 740, 744 (8th Cir.1993). An abuse of discretion occurs when the bankruptcy judge "fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *Hatcher v. Miller (In re Red Carpet Corp.)*, 902 F.2d 883, 890 (11th Cir.1990); *In re McCombs*, 33 B.R. 387, 388 (E.D.Mo.1983), *aff'd* 751 F.2d 286 (8th Cir. 1984). A bankruptcy court's legal conclusions are reviewed de novo while its factual findings are reviewed under the clearly erroneous standard. *Kubicik v. Apex Oil Co. (In re Apex Oil Co.)*, 884 F.2d 343, 348 (8th Cir.1989). *See also* Bankr.R. 8013.

### II. BACKGROUND

According to the record, debtor is a limited partnership. Appellant Harvey A. Friedman is its limited partner, and Medigroup, Incorporated, is its general partner. In January, 1990, debtor filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code. Debtor's first petition to employ counsel was granted. In April, an operating trustee was appointed and in May, the bankruptcy court permitted the trustee to employ an attorney. Later the court granted appellant's motion to disqualify debtor's counsel and allowed debtor to employ a new attorney.

Early in 1991, debtor's attorney withdrew. In April, 1991, the court authorized debtor to employ other counsel, Scott Greenberg and the law firm of Davis & Davis. In June, the court ruled that the firm could be paid from the Fee Escrow to the extent fees might be allowed by the court. Both appellant and the trustee objected to the employment of Davis & Davis, but their objections were overruled. No one appealed or sought leave to appeal the April and June orders of the bankruptcy court.

Subsequently, Davis & Davis filed its application seeking a total of $14,094.67 in attorneys' fees and expenses for services provided and costs incurred through June 30, 1991. The requested total consisted of $13,620.00 in fees for a total of 107.3 hours of services rendered by attorneys and $474.67 in expenses. Despite the objections of both appellant and the trustee, the bankruptcy

court approved the application. Appellant appealed that order in *Friedman v. Melp, Ltd. (In re Melp, Ltd.)*, Case No. 91CV02624. The Honorable Edward L. Filippine, United States District Court Judge, affirmed the bankruptcy court's decision in an opinion dated October 15, 1994.

On July 10, 1992, Davis & Davis filed a second application for fees. On August 17, the bankruptcy court entered an order approving $18,793.50 in fees and $620.07 in expenses and disallowing $4,181.25 in fees and expenses based on Davis & Davis' failure to comply with the court's guidelines for fee applications. Subsequently, Davis & Davis filed a motion for reconsideration and provided supplemental documentation to support the disallowed fees and expenses. On September 15, 1992, the bankruptcy court held a hearing on the motion, and on October 6, it entered an order approving the previously disallowed sums. Appellant appealed both the August 17 and October 6 orders.

### III. MERITS

Appellant argues that the bankruptcy court should not have approved the second application because an operating trustee had been appointed under 11 U.S.C. § 1104; the services for which compensation was sought did not benefit the debtor's estate; and the services for which compensation was sought were duplicative of work performed by the trustee and the trustee's attorney. Appellant also contends that Davis & Davis may not recover attorneys' fees from the bankruptcy estate for work performed and expenses incurred in defending its fee award on appeal. Finally, appellant argues that the bankruptcy court committed reversible error when it granted appellee's motion to reconsider its August 17, 1992 order, permitted Davis & Davis to supplement its original second application and approved fees previously disallowed. Appellee counters that the bankruptcy court did not err and that the rulings were proper.

### A. APPOINTMENT OF AN OPERATING TRUSTEE DOES NOT BAR FEE RECOVERY BY DEBTOR'S ATTORNEY

■ Appellant first argues that where an operating trustee has been appointed under 11 U.S.C. § 1104 and there is no longer a debtor in possession, counsel for the debtor out of possession is not entitled to compensation from the bankruptcy estate. Section 330(a) of Bankruptcy Code governs the compensation of officers and provides in relevant part that:

> After notice to any parties in interest and to the United States trustee and a hearing, . . . the court may award to . . . the debtor's attorney—
>
> (1) reasonable compensation for actual, necessary services rendered by such . . . attorney . . . based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and
>
> (2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a). The plain language of this statute suggests that a debtor's attorney may receive compensation; however, federal courts are split on whether a debtor's attorney may be compensated for services rendered after the appointment of an operating trustee. *Compare In re NRG Resources, Inc.*, 64 B.R. 643, 644–48 (W.D.La.1986) (holding that a debtor's attorney cannot obtain compensation under § 330(a) after a trustee has been appointed) *with Pfeiffer v. Couch (In re Xebec)*, 147 B.R. 518, 523 (9th Cir.1992); *In re TS Indus., Inc.*, 125 B.R. 638, 639, 643–44 (Bankr.D.Utah 1991); *In re Ginji Corp.*, 117 B.R. 983, 992 (Bankr.D.Nev. 1990) (holding that a debtor's attorney may obtain compensation under § 330(a) after a trustee has been appointed).

In *Friedman v. Melp, Ltd. (In re Melp, Ltd.)*, Case No. 91CV02624, Judge Filippine rejected appellant's argument and held that the bankruptcy court did not abuse its discretion when it followed what it considered to be the majority rule that the appointment of a trustee does not bar recovery of fees by debtor's attorney. The Court will follow Judge Filippine's decision on this issue.

### B. REQUIREMENTS OF § 330(a) AND A BENEFIT ANALYSIS

■ Interim applications for disbursements of compensation for services rendered

and costs incurred by a debtor's attorney are authorized by 11 U.S.C. § 331. The factors listed in § 330 apply to interim applications. *In re Minton Group, Inc.,* 33 B.R. 38, 41 (Bankr.S.D.N.Y.1983). Thus, the compensation must be "reasonable" and for "actual, necessary services." 11 U.S.C. § 330(a). Determinations as to the reasonableness of compensation are based on: (1) the nature, extent and value of the services rendered; (2) the time spent on such services; and (3) the cost of comparable services for nonbankruptcy matters. *Pfeiffer,* 147 B.R. at 524.

■■■ However, when an operating trustee has been appointed, an additional threshold requirement applies beyond those listed in § 330(a). A debtor's attorney may recover fees despite the appointment of an operating trustee only if his or her services provided an "identifiable, tangible, and material benefit to the estate." *Pfeiffer,* 147 B.R. at 523. *See also In re Sugarman,* 137 B.R. 391, 393 (Bankr.S.D.Cal.1992). In undertaking a "benefit analysis," a court should consider: (1) whether the debtor's attorney's actions duplicated the duties of the trustee or the trustee's counsel under 11 U.S.C. § 1106; (2) whether the services have in fact, obstructed or impeded the administration of the estate; and (3) whether the debtor's attorney's actions are consistent with the debtor's duties under 11 U.S.C. § 521. *Pfeiffer,* 147 B.R. at 523. Furthermore, compensation is not warranted for services "which benefitted only the debtor or its directors, officers or shareholders or were rendered in connection with the defense of discharge or dischargeability litigation or the debtor's exemptions where there was no corresponding benefit to the estate." *In re Pine Valley Mach., Inc.,* 172 B.R. 481, 488 (Bankr.D.Mass.1994) (citations omitted).

■■■ Therefore, following the appointment of an operating trustee, the attorney for a debtor out of possession may recover fees from the estate only for services which provided an identifiable, tangible and material benefit to the estate. In addition, the compensation must be reasonable and for actual, necessary services.

In its order dated August 17, 1992, the bankruptcy court found that the itemized services were "reasonable and necessary" and "of benefit to estate and not duplicative of the efforts of the Trustee." (R. at 75.) In its order dated October 6, 1992, authorizing the previously disallowed costs, the court found that the services were "reasonable and necessary and of benefit to the estate." (R. at 107.) However, the language of each order is cursory and does not reflect any consideration of whether the services obstructed or impeded the administration of the estate or whether the debtor's attorney's actions were consistent with the debtor's duties under 11 U.S.C. § 521.

Furthermore, upon closely reviewing the record and the second application of Davis & Davis, this Court is troubled by the lack of supporting documentation for the challenged fees in light of the heightened standard of scrutiny required by a benefit analysis. Accordingly, this case will be remanded to the bankruptcy court for a scrupulous inquiry into whether Davis & Davis' second interim application should have been approved under the benefit analysis discussed herein.

## C. DAVIS & DAVIS MAY NOT RECOVER FEES INCURRED DEFENDING ITS FEE AWARD ON APPEAL

■■■ Davis & Davis allegedly incurred fees defending its fee award on appeal which total $5,379.00 of the requested amount in the second interim application. The fee applicant has the burden of proving entitlement to the requested compensation. *Neville v. Eufaula Bank & Trust Co. (In re U.S. Golf Corp.),* 639 F.2d 1197, 1207 (5th Cir.1981); *In re Volador Equity/Income Fund '86–'87,* 131 B.R. 739, 742 (Bankr.W.D.Okla.1991); *In re TS Indus., Inc.,* 125 B.R. at 641; *In re Alberto,* 121 B.R. 531, 534, 539 (Bankr. N.D.Ill.1990). Appellant argues that Davis & Davis is not entitled to recover such fees as a matter of law. The Court agrees.

Under the benefit analysis described above, Davis & Davis may not recover fees for defending its fee award on appeal. The work performed by Davis & Davis in defending its fee award in no way benefitted the estate, and therefore, as a matter of law,

such fees are not recoverable from the estate under the benefit analysis.

Appellee relies heavily on *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bankr.N.D.Ill.1988). Appellee argues that this case applies the proper legal standard for determining whether the time spent preparing and prosecuting a fee action are compensable. Appellee urges this Court to follow *In re Chicago Lutheran* and to determine whether the requested award is reasonable and necessary.

*In re Chicago Lutheran* is easily distinguishable and does not apply the legal standard appropriate to this case. Unlike the case before this Court, *In re Chicago Lutheran* involves an application for fees by the attorney of a debtor in possession for services performed prior to the appointment of an operating trustee. *Id.* at 726 n. 9. Furthermore, in that case, the debtor's attorneys were not trying to recover fees from an escrow account set aside for administrative expenses; the law firm requested that its fees be taken out of the collateral of a secured creditor. *Id.* at 726.

The *In re Chicago Lutheran* court assessed whether to depart from "the general rule that the costs of administration of the estate and attorney fees for services rendered to the *debtor in possession* are charged against the estate" and allow the fees to come out of the secured creditor's collateral. *Id.* at 727 (emphasis added). Under the legal standard employed by the court, the fee applicant "must prove that expenses were 1) reasonable, 2) necessary, and 3) *beneficial to the secured creditor*." *Id.* (emphasis added). Clearly, *In re Chicago Lutheran* is factually and legally distinguishable and does not aid this Court in addressing the issue at hand.

Both appellee and appellant discuss the split among courts regarding whether fees incurred in the preparation and litigation of fee applications are recoverable. Some courts do not allow such fees. *In re Courson*, 138 B.R. 928, 933 (Bankr.N.D.Iowa 1992); *In re Kroh Bros. Dev. Co.*, 105 B.R. 515, 530 (Bankr.W.D.Mo.1989); *In re Bonds Lucky Foods, Inc., No. 1*, 76 B.R. 664, 670–71 (Bankr.E.D.Ark.1986); *In re Wilson Foods Corp.*, 36 B.R. 317, 323 (Bankr.W.D.Okla. 1984). Other courts do allow such fees but subject to some restrictions. *In re Nucorp Energy, Inc.*, 764 F.2d 655, 662 (9th Cir. 1985); *In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr.N.D.Ill.1987); *In re Wildman*, 72 B.R. 700, 711 (Bankr.N.D.Ill.1987).

This Court does not have to choose sides in this debate. The cases cited by appellee and appellant are distinguishable from the instant appeal because they do not involve a debtor's attorney seeking fees for services performed after the appointment of an operating trustee. As such, those cases do not go beyond the requirements of § 330. Because this case involves the compensation of a debtor's attorney after the appointment of an operating trustee, an appropriate additional legal standard beyond those in § 330 is the benefit analysis as discussed above and applied in *Pfeiffer v. Couch (In re Xebec)*, 147 B.R. 518, 523 (9th Cir. BAP 1992). It is this "benefit analysis" that precludes an award for fees incurred in the preparation and litigation of fee applications because such services do not benefit the estate.

Appellee additionally argues that within this District the practice is that fees compensable under 11 U.S.C. § 330 include time spent preparing and litigating fee applications. Appellee cites local guidelines for compensation of professionals published by Judge Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri, Eastern Division. (Appellee's Exh. A.) As discussed above, while such fees may be compensable under § 330, they cannot survive the additional hurdle set up by the benefit analysis in cases like the one at hand.

This Court finds that the bankruptcy court abused its discretion when it allowed debtor's attorney to recover fees incurred in the litigation of a fee award from funds set aside for the administration of the estate. The Court reverses the bankruptcy court's decision to award such fees and holds as a matter of law that such fees are not recoverable from the fee escrow account. Furthermore, this matter is remanded to the bankruptcy court for action consistent with this Court's opinion, and the bankruptcy orders dated August 17,

1992, and October 6, 1992, must be vacated. In light of the disposition of this appeal, the Court notes that it declines any consideration of whether the bankruptcy court committed reversible error when it granted debtor's motion to reconsider filed August 21, 1992.