_____

No. 95-2148
_____

In re: Melp, Ltd., a Missouri    *
Limited Partnership,           *
                        *
        Debtor.         *
                        *
-------------------     *
                        *
Harvey A. Friedman,     *
                        *   Appeal from the United States
        Appellee,       *   District Court for the
                        *   Eastern District of Missouri.
    v.                 *
                        *         [PUBLISHED]
Melp, Ltd., a Missouri Limited   *
Partnership; Davis & Davis,    *
                        *
       Appellants.      *


_____

Submitted: March 29, 1996

Filed: April 2, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


After the Bankruptcy Court granted an application for attorney fees, the District Court[1] reversed as to fees incurred in defending another fee award on appeal (the "appeal fees"), and remanded for further findings as to other fees. Friedman v. Melp, Ltd. (In re Melp, Ltd.), 179 B.R. 636 (E.D. Mo. 1995). Melp, Ltd. and its attorneys, the law firm of Davis & Davis, appeal only that part of the District Court's order reversing the award of the appeal fees.

_____

[1]The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

Although the parties do not discuss appellate jurisdiction in their briefs, we are nonetheless obliged to consider it.  See Lewis v. United States, 992 F.2d 767, 771 (8th Cir. 1993).  We conclude that the District Court's order was not final.  See 28 U.S.C. § 158(d) (1994) (limiting court of appeals jurisdiction in bankruptcy cases to final orders).  Even though the District Court held that a portion of the requested fees--i.e., the appeal fees--were not recoverable from the debtor's estate as a matter of law, it vacated the entire fee award, and remanded the case for further inquiry into whether the services for which the other fees were incurred benefited the estate.  See Broken Bow Ranch, Inc. v. Farmers Home Admin. (In re Broken Bow Ranch, Inc.), 33 F.3d 1005, 1008 (8th Cir. 1994).

We therefore hold the appeal to be premature, and on that ground we dismiss it, without prejudice to appellants' right to refile upon final disposition of the fee application as a whole.  Cf. Cochrane v. Vaquero Invs., 76 F.3d 200, 204 (8th Cir. 1996) (involving bifurcated litigation over exempt status of condominium; holding this court lacked jurisdiction over appeal from decision on homestead exemption until district court entered final decision on tenancy-by-entirety exemption).

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.


-2-