# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1838

_____

In Re:  Popkin & Stern,                                      *
                                                             *
            Debtor.                                          *
----------------------------------------------  *
Robert J. Blackwell,                                         *   Appeal from the United States
                                                             *   Bankruptcy Appellate Panel
            Appellant,                                       *   for the Eighth Circuit.
                                                             *
      v.                                                     *
                                                             *
Nancy Fendell Lurie,                                         *
                                                             *
            Appellee.                                        *

_____

Submitted:  December 14, 2001

Filed:  May 15, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

LOKEN, Circuit Judge.

      Robert J. Blackwell is the liquidating trustee in the protracted Popkin & Stern bankruptcy proceedings.  In 1994, Blackwell obtained a deficiency judgment against Ronald Lurie, the managing partner of Popkin & Stern.  Several years later, Blackwell obtained a judgment against Ronald Lurie's wife, Nancy Fendell Lurie, based on numerous fraudulent transfers from Ronald to her.  In this part of the proceedings,

Blackwell and Nancy dispute whether the proceeds from a sheriff's sale in Arizona should be applied, in whole or in part, to the fraudulent transfer judgment against her, as well as to Blackwell's judgment against Ronald. The bankruptcy court entered a final order denying relief to Nancy. The Bankruptcy Appellate Panel (BAP) reversed and remanded the case to the bankruptcy court for further proceedings. The BAP's decision was not a final order. Accordingly, we dismiss Blackwell's appeal for lack of jurisdiction.

Blackwell's judgment against Nancy permitted him to execute on assets held jointly by Ron and Nancy up to the amount of the judgment. In late 1998, an art gallery in Arizona held a valuable painting entitled "Apache Renegades" on consignment. Both Ronald and Nancy Lurie claimed an interest in the painting, and at least one bankruptcy court order had listed it as jointly owned property. After "domesticating" the bankruptcy court judgments against Ronald and Nancy in the appropriate Arizona court, Blackwell obtained garnishment judgments against Ronald and Nancy. The judgments were identical, with one exception -- the first identified Ronald as the owner of "Apache Renegades," while the second named Nancy as the painting's owner. Both judgments ordered the clerk of the Arizona court to issue writs of execution directing the sheriff to seize and sell the painting. The Luries received notice of these garnishment proceedings but did not appear.

Several weeks later, Blackwell prepared a writ of execution based solely on the garnishment judgment against Ronald and directing the Arizona sheriff to sell "Apache Renegades" and apply the sale proceeds to reduce the outstanding balance of the bankruptcy court's judgment against Ronald. When Nancy received notice that the painting would be sold in partial satisfaction of the deficiency judgment against Ronald, she moved the bankruptcy court for a stay, claiming an interest in "Apache Renegades." The bankruptcy court denied the motion, and the painting was sold. Blackwell filed a partial satisfaction of judgment with the Arizona court stating that the sale proceeds had been applied solely against the judgment against Ronald.

Nancy then filed a motion asking the bankruptcy court to determine ownership of the Arizona proceeds. The bankruptcy court denied the motion, concluding that the Arizona court had effectively decided the issue and therefore the Rooker-Feldman doctrine bars a federal court from revisiting it.[1] On appeal, the BAP reversed, concluding that the Rooker-Feldman doctrine was not implicated by Nancy's request that the bankruptcy court determine whether the sale proceeds should be applied to reduce any part of the bankruptcy court's judgment against Nancy. Blackwell appeals, arguing that Nancy was required to litigate her ownership interest in the Arizona proceedings.

"In bankruptcy cases, this court can hear appeals only from final decisions, judgments, orders, and decrees entered by district courts or bankruptcy appellate panels." In re Kasden, 141 F.3d 1288, 1290 (8th Cir. 1998); see 28 U.S.C. § 158(d). An order remanding to the bankruptcy court for further proceedings is not normally appealable unless the decision has effectively resolved the merits of the controversy and all that remains on remand is a purely mechanical or ministerial task "unlikely to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal." In re Vekco, Inc., 792 F.2d 744, 745 (8th Cir. 1986). Here, at a minimum, the BAP's remand order requires the bankruptcy court to make a *de novo* determination of Nancy Lurie's ownership interest, if any, in the painting and its proceeds. Given the conflicting ownership claims described in Blackwell's reply brief and elsewhere in the record on appeal, it is obvious that this determination goes to the merits of the dispute and will be far more than a purely mechanical or ministerial task. Thus, the BAP's order is interlocutory, not final.

---

[1] Under the doctrine derived from Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), lower federal courts lack jurisdiction to review state court judgments.

Finality for bankruptcy purposes is a complex subject, and there are times when the practical needs of the process require prompt appellate consideration of what appear to be interlocutory orders. See, e.g., In re Koch, 109 F.3d 1285, 1287 (8th Cir. 1997); In re Huebner, 986 F.2d 1222, 1223 (8th Cir. 1993). But here, Blackwell's brief on appeal simply asserts in conclusory fashion that this is an appeal of a "final judgment." Blackwell cites no peculiar need for immediate appellate review of this interlocutory bankruptcy order, and we perceive none. Moreover, none of the universal exceptions to the final order doctrine apply in this case -- the issue was not certified for interlocutory appeal by the BAP, see 28 U.S.C. § 1292(b); there was no determination and entry of final judgment pursuant to Fed. R. Civ. P. 54(b); and a question of preclusion in a civil case, such as whether Rooker-Feldman applies, is not appealable under the collateral order doctrine. See, e.g., R.R. Donnelley & Sons Co. v. FTC, 931 F.2d 430, 432-33 (7th Cir. 1991).

Because we lack jurisdiction, the appeal is dismissed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-