# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2570

_____

| | | |
|---|---|---|
| United States Commodity Futures Trading Commission, | * <br> * <br> * | |
| Plaintiff - Appellant, | * <br> * | Appeal from the United States |
| v. | * <br> * | District Court for the <br> District of Minnesota. |
| NRG Energy, Inc., | * <br> * | |
| Defendant - Appellee. | * | |

_____

Submitted: May 15, 2006
Filed: August 4, 2006

_____

Before MURPHY, JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

The Commodity Futures Trading Commission (Commission) brought this action in the District of Minnesota to enjoin NRG Energy, Inc. (NRG) from reporting inaccurate market information in violation of the Commodity Exchange Act (the Act). NRG moved to dismiss for lack of jurisdiction because of its Chapter 11 case in the bankruptcy court in the Southern District of New York. The district court granted the motion, and the Commission appeals. We reverse.

NRG, which until 2004 was based in Minnesota, is in the business of generating, operating, trading, and marketing energy commodities, including natural

gas and power. It filed for Chapter 11 bankruptcy relief in the United States Bankruptcy Court in the Southern District of New York on May 14, 2003. The Commission had been investigating whether NRG had violated provisions of the Act, and on August 20, 2003 it filed a proof of claim in NRG's bankruptcy case for "potential civil monetary penalties and/or restitution or disgorgement for violations of the Commodity Exchange Act, based on pre-petition conduct".

The bankruptcy court entered a confirmation order and plan of reorganization on November 24, 2003, which enjoined all entities with claims against NRG from "commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Equity Interest" and from commencing any "claims, obligations, suits, judgments, damages, demands, debts, rights, causes of actions or liabilities released pursuant to the NRG Plan". The bankruptcy court order and plan also contained provisions retaining in the bankruptcy court "exclusive jurisdiction of all matters arising out of, or related to, the Chapter 11 Case and the NRG Plan".

NRG filed an objection to claims which included an objection to the Commission's proof of claim. The Commission did not respond or appear at the hearing on the objections, and on May 18, 2004 the bankruptcy court "expunged and discharged in its entirety" the Commission's proof of claim but retained jurisdiction over "all matters arising out of the First Omnibus Objection." On June 10, the Commission moved for reconsideration, and NRG responded with a motion to enforce the plan of reorganization. The bankruptcy court heard oral argument on the motions on November 17, 2004, but it has yet to rule on them.

The Commission filed this enforcement action against NRG on July 1, 2004 in the United States District Court for Minnesota. It alleges that from its headquarters in Minneapolis NRG's employees intentionally reported false information regarding natural gas prices and transactions. The Commission further alleges that the reporting of false information to an industry newsletter, "Platts' Gas Daily" (Gas Daily),

influenced the daily index published by Gas Daily and affected the price of natural gas sold and traded in interstate commerce, in violation of § 9(a)(2) of the Act, 7 U.S.C. § 13(a)(2). Because of these past acts, the Commission seeks to enjoin NRG from committing future violations of the Act and for "such other and further remedial and ancillary relief as [the court] may deem necessary and appropriate".

NRG moved in the district court to dismiss the enforcement action for lack of jurisdiction or alternatively to transfer venue. It asserted that this action in the federal district court in Minnesota is barred by the bankruptcy court orders issued in the Chapter 11 case. NRG claimed further that the bankruptcy court has exclusive jurisdiction over the matter because the facts underlying the Commission's complaint are the same facts on which its proof of claim was based. The motion was referred to a magistrate judge who recommended that the case be dismissed or transferred, after concluding that this action is "with respect to" the Chapter 11 proceedings so the bankruptcy court retained exclusive jurisdiction and was in a better position to determine the effect of its orders. The Commission objected that its enforcement action is not "with respect to" the claim it filed in the bankruptcy court and that court was without authority to divest the district court of subject matter jurisdiction over this case. The district court adopted the magistrate judge's recommendation and dismissed the action for lack of jurisdiction.

The Commission appeals, arguing that the district court erred because the bankruptcy court orders do not apply to this enforcement action and in the alternative that the bankruptcy court lacked authority to deprive a district court of jurisdiction to hear an enforcement action arising under the Act. NRG asserts that the bankruptcy court orders bar the district court from exercising jurisdiction over this case and that the Commission cannot collaterally attack the validity of those orders in the district court in Minnesota. Our review of a dismissal for lack of subject matter jurisdiction is de novo. Sierra Club v. United States Army Corps of Engineers, 446 F.3d 808, 813 (8th Cir. 2006).

The nonconstitutional jurisdiction of all federal courts, including bankruptcy courts, is fixed by Congress. Kontrick v. Ryan, 540 U.S. 443, 452 (2004). Congress has provided that if the Commission determines that any entity or other person has violated a provision of the Act, it may "bring an action in the proper district court of the United States . . . to enjoin such act or practice, or to enforce compliance" with the act. 7 U.S.C. § 13a-1. Jurisdiction over bankruptcy proceedings is governed by 28 U.S.C. § 1334(a)-(b), which provides that district courts have "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." See In re Marlar, 432 F.3d 813, 814 (8th Cir. 2005). District courts may refer to bankruptcy judges any or all cases "under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11". 28 U.S.C. § 157(a).

NRG's voluntary petition for bankruptcy protection under title 11 in the Southern District of New York was referred to a judge of the bankruptcy court, who was then vested with "limited authority" under the jurisdictional scheme created by Congress. Bd. of Governors v. McCorp Fin., Inc., 502 U.S. 32, 40 (1991). The purpose of title 11 protection is to allow an entity to "restructure . . . finances" and enter a plan of reorganization so that it is able to "continue to operate, provide its employees with jobs, pay its creditors, and produce a fair return for its stockholders." In re Cedar Shore Resort, Inc., 235 F.3d 375, 379 (8th Cir. 2000).

Pursuant to its referred jurisdiction under 28 U.S.C. § 157(a) and consistent with the purposes of chapter 11, the bankruptcy court entered a confirmation order restricting the commencement of collateral proceedings which could adversely affect the bankruptcy estate. Entry of a confirmation order discharges all debts arising prior to the date of confirmation. 11 U.S.C. § 1141(d); McSherry v. Trans World Airlines, Inc., 81 F.3d 739, 740 (8th Cir. 1996). The bankruptcy code defines debt as "liability on a claim", 11 U.S.C. § 101(12), and claim as a "right to payment . . . or right to an

equitable remedy for breach of performance if such breach gives right to a right to payment." 11 U.S.C. § 101(5).

With this enforcement action the Commission seeks only to restrict NRG from committing future violations of the Act. Its rejected claim in NRG's Chapter 11 case was based on "prepetition conduct of the debtor, NRG, Energy, Inc., that is currently under investigation" and the potential monetary recovery would be for that conduct. Here, the Commission seeks injunctive relief rather than monetary penalties, restitution, or disgorgement. If it were successful in obtaining an injunction and if NRG were to violate its terms in the future, any penalties the Commission might then seek would be based on such future conduct rather than on NRG's prepetition acts on which its proof of claim were based. Because the injunction itself would only restrict NRG from committing future acts, this enforcement action is not a claim for purposes of § 101(5). Ohio v. Kovacs, 469 U.S. 274 (1985); In re Udell, 18 F.3d 403, 409-10 (7th Cir. 1994). Neither is the Commission's enforcement action a facet of the bankruptcy proceedings, nor was it discharged by entry of the confirmation order. Id.

NRG contends, nonetheless, that the district court lacks jurisdiction to hear this case because the exclusive jurisdiction provisions in the plan and order apply to "all matters arising out of, or related to, the Chapter 11 Case and the NRG Plan". In the event the exclusive jurisdiction provisions were determined to be inapplicable, it asserts that the district court would still be barred from hearing this dispute because of the language in the plan and order enjoining the commencement of "any action or other proceeding of any kind with respect to any such Claim" and any "claims, obligations, suits, judgments, damages, demands, debts, rights, causes of actions or liabilities released pursuant to the NRG Plan."

The exclusive jurisdiction provisions relied upon by NRG are labeled as "Retention of Jurisdiction" provisions, and bankruptcy courts are unable to expand their own jurisdiction by order. Harstad v. First America Bank, 39 F.3d 898, 902 n.7

(8th Cir. 1994). Since this enforcement action was not subject to discharge and the bankruptcy court never had exclusive jurisdiction over it, the retention provisions in the plan and order do not apply to it. Similarly, the injunctive provisions in the plan and order do not apply because this enforcement action was not discharged pursuant to entry of the plan. Moreover, injunctive relief against future law violations would not be with respect to a proof of claim seeking relief in bankruptcy proceedings based on prepetition conduct. See King v. United States, 390 F.2d 894 (Ct. Cl. 1968), *rev'd on other grounds*, United States v. King, 395 U.S. 1 (1969). This is particularly true here where the bankruptcy court has entered a confirmation order and the proof of claim has been expunged. See In re Fairfield Communities, Inc., 142 F.3d 1093, 1095 (8th Cir. 1998). Given that Congress granted district courts jurisdiction over enforcement proceedings brought under the Act, that the bankruptcy court has limited jurisdiction over bankruptcy proceedings, and that the relief currently sought is distinct from that at issue during the bankruptcy proceedings, we conclude that the district court has jurisdiction over this enforcement action.

NRG fails to cite any authority that would permanently authorize the bankruptcy court to prevent the Commission from bringing this enforcement action. NRG cites 11 U.S.C. § 105 for the proposition that bankruptcy courts can "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title", but § 105(a) may only be invoked "if the equitable remedy utilized is demonstrably necessary to preserve a right elsewhere provided in the Code." In re Ludlow Hosp. Soc., Inc., 124 F.3d 22, 28 (1st Cir. 1997); Johnson v. First Nat'l Bank of Montevideo, 719 F.2d 270, 273 (8th Cir. 1983). NRG has cited no authority permitting bankruptcy courts completely to eliminate an agency's ability to pursue an enforcement action seeking only injunctive relief. Such a reading of the order and plan would be invalid as a matter of law.

To support its position that the Commission is required to seek permission from the bankruptcy court to pursue this action, NRG relies on Celotex Corp. v. Edwards,

514 U.S. 300 (1995). In Celotex, the Supreme Court barred a creditor from collaterally attacking the merits of a bankruptcy injunction in a different district. Id. at 313. Since we conclude that the injunction in NRG's bankruptcy case does not apply to this enforcement action looking to future conduct and that the bankruptcy court would have been without authority to issue such an order, Celotex is inapplicable. Under the circumstances here, the Commission does not need to seek relief from the bankruptcy order in the Southern District Court of New York to proceed because the injunction does not apply to this case.

Accordingly, the judgment is reversed and the matter is remanded to the district court for further proceedings consistent with this opinion.

_____