# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1150

_____

In re: Blake Roussel; Amanda Roussel

*Debtor*s

------------------------------

Clear Sky Properties, LLC; LuAnn Deere

*Appellee*s

v.

Blake Roussel

*Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 8, 2014
Filed: October 3, 2014

_____

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Blake Roussel filed for bankruptcy under Chapter 7 of the Bankruptcy Code. In an adversary proceeding, the bankruptcy court refused to apply collateral estoppel to a state judgment. It found nearly all the debt dischargeable. On appeal, the district court[1] reversed. It found nearly all the debt nondischargeable, but remanded the attorney-fee debt (including costs and expenses). Roussel appeals, asserting the district court erred in determining he was barred by collateral estoppel, committed defalcation while acting as a fiduciary, and acted willfully and maliciously. He argues the bankruptcy court correctly determined that the attorney-fee award was dischargeable. This court dismisses for lack of jurisdiction under 28 U.S.C. § 158(d).

I.

A state jury found that Roussel breached fiduciary and contract duties to both Clear Sky Properties, LLC and the other member LuAnn Deere. It awarded compensatory and punitive damages and attorney fees. The state judge granted attorney fees: "Based on the arguments in the Motion and Brief." He did not mention the claims, or apportion the fees between them. The Motion invoked the parties' operating agreement (providing that the loser of any dispute shall pay attorney fees) and a state statute (authorizing attorney fees for breach of contract). The Brief reiterated the agreement and statute, but noted that the "breach of contract claim is inextricably intertwined with the breach of fiduciary duty" and that: "As these claims were so closely connected, Deere would have incurred the same expense in pursuing only the breach of contract claim as she did in pursuing all the claims."

Roussel later filed for bankruptcy under Chapter 7. Clear Sky and Deere alleged that his breach-of-fiduciary debt was nondischargeable because he committed defalcation as a fiduciary under 11 U.S.C. § 523(a)(4) and engaged in willful and malicious conduct under 11 U.S.C. § 523(a)(6). The parties stipulated that the

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

breach-of-contract debt was dischargeable, but disputed (among other things) whether the attorney fees were linked solely to the breach of contract. Rejecting collateral estoppel, the bankruptcy court considered evidence from the state trial and heard testimony on Roussel's state of mind. The bankruptcy court concluded that nearly all the damages were dischargeable, as were the attorney fees. Clear Sky and Deere appealed to the district court. It reversed, applying collateral estoppel to hold that because the state jury awarded punitive damages, it necessarily found that Roussel committed defalcation while acting as a fiduciary under § 523(a)(4) and that he acted willfully and maliciously under § 523(a)(6). It found nondischargeable all the debt from Roussel's breach of fiduciary duty. The district court remanded the attorney fees—$87,523.25 in fees and costs, about one-sixth of the total debt—to the bankruptcy court for further consideration.

## II.

Before addressing the merits, this court examines its jurisdiction of the appeal, even if not raised by the parties. *Isaacson v. Manty*, 721 F.3d 533, 537 (8th Cir. 2013); *In re M & S Grading, Inc.*, 526 F.3d 363, 367-68 (8th Cir. 2008); *In re Melp, Ltd.*, 79 F.3d 747, 747 (8th Cir. 1996) (per curiam).

"In bankruptcy cases, this court can hear appeals only from final decisions, judgments, orders, and decrees entered by district courts or bankruptcy appellate panels." *In re Farmland Indus., Inc.*, 567 F.3d 1010, 1015 (8th Cir. 2009), *quoting In re Popkin & Stern*, 289 F.3d 554, 556 (8th Cir. 2002), *applying* **28 U.S.C. § 158(d)**. "Finality for bankruptcy purposes is a complex subject," which "must take into account the peculiar needs of the bankruptcy process." *Cochrane v. Vaquero Invs.,* 76 F.3d 200, 203-04 (8th Cir. 1996) (an exemption decision was not final because the appeal did not "conclusively resolve" the status of all property). *See Ritchie Special Credit Invs., Ltd. v. U.S. Tr.*, 620 F.3d 847, 852 (8th Cir. 2010)

(applying a "more flexible" concept of finality in bankruptcy cases than in non-bankruptcy cases). The finality of a bankruptcy court order depends on the extent to which (1) "the order leaves the bankruptcy court nothing to do but execute the order;" (2) "delay in obtaining review would prevent the aggrieved party from obtaining effective relief;" and (3) "a later reversal on the [contested issue] would require recommencement of the entire proceeding." *Id.*, *quoting* ***In re M & S Grading***, 526 F.3d at 36 (alteration in original).

A district court remand ordinarily is not final, unless it "leaves only ministerial duties for the bankruptcy court." ***In re Farmland***, 567 F.3d at 1015. An order is ministerial and final if it effectively resolves the merits, and the task on remand is "unlikely to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal." ***In re Popkin & Stern***, 289 F.3d at 556 (a remand for determination of ownership is more than ministerial and not final), *quoting* ***In re Vekco, Inc.***, 792 F.2d 744, 745 (8th Cir. 1986). *See* ***In re Dorholt, Inc.***, 224 F.3d 871, 874 n.1 (8th Cir. 2000) (finding jurisdiction of an order because it "did not remand for further fact-based inquiry").

The state judge did not specify whether the attorney-fee award is for a breach of fiduciary duty or a breach of contract (or some apportionment). The bankruptcy court determined that the attorney fees were dischargeable because they were based on a contract (the operating agreement), or breach of contract. The district court, remanding, noted that "when parties have included a provision authorizing recovery of attorney's fees in a contractual agreement, and those fees are incurred in connection with a debt determined to be nondischargeable in bankruptcy, the creditor may be entitled to recover such fees as part of the nondischargeable debt." ***In re Roussel***, 504 B.R. 510, 527 (E.D. Ark. 2013), *citing* ***In re Alport***, 144 F.3d 1163, 1168 (8th Cir. 1998). The district court ordered that "on remand, the Bankruptcy Court should consider whether the fee provision set forth in Clear Sky's operating

agreement renders all or any part of Appellants' fee award part of the nondischargeable debt in this case." *In re Roussel*, 504 B.R. at 527.

This court first considers the extent to which an order leaves the bankruptcy court nothing to do but execute the order. The remand here requires the bankruptcy court to determine whether the operating agreement connects the attorney fees to the nondischargeable fiduciary debt. Here, the district court's remand does not direct the bankruptcy court to dismiss or take a ministerial act. *See In re Farmland*, 567 F.3d at 1015 (remanding with instructions to dismiss is purely ministerial). Instead, the remand leaves the dischargeability of attorney fees to the bankruptcy court, requiring factual and legal analysis. This is more than ministerial.

> [W]e have little trouble concluding the district court decision does not constitute a final decision for purposes of appeal. In remanding, the district court did not resolve the merits of the controversy, leaving only ministerial tasks to be performed by the bankruptcy court. Rather, the district court specifically anticipated that the bankruptcy court would further develop the record and would exercise considerable discretion in resolving the issue remanded to it. Then, following remand, the district court would be in a position to resolve finally and fully all issues raised by the Federal Land Bank in its appeal.

*In re Vekco, Inc.*, 792 F.2d at 745.

The other two factors—whether delay harms the aggrieved party, and whether a later reversal requires an entirely new proceeding—favor dismissing this appeal. The parties have not suggested that any delay in review will itself prevent effective relief. *See In re M & S Grading*, 526 F.3d at 369. Nor have they indicated that a later reversal will require a new proceeding. "[N]either judicial economy nor our statutory authority under § 158(d) permits the piecemeal litigation that will result if we prematurely consider the issues raised in this appeal." *Cochrane*, 76 F.3d at 204.

Two recent Supreme Court decisions support the lack of jurisdiction here.  The Court established "a uniform rule that an unresolved issue of attorney's fees *for the litigation in question* does not prevent judgment on the merits from being final" and that both "[c]ourts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a 'final decision'. . . whether or not there remains for adjudication a request for attorney's fees *attributable to the case*." ***Budinich v. Becton Dickinson & Co.***, 486 U.S. 196, 202-03 (1988) (emphasis added).  The Court defined "for the litigation in question" and "attributable to the case" to include "standard preliminary steps toward litigation." ***Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Empl'rs***, 134 S. Ct. 773, 783 (2014).  "To be sure, the situation would differ if a party brought a freestanding contract action asserting an entitlement to fees incurred in an effort to collect payments that were not themselves the subject of the litigation." ***Id.***

Unlike the attorney fees in *Budinich* and *Ray Halluch Gravel Co.*, the fees here are not "for the litigation in question" or "attributable to the case," but for a prior state-court case.  Roussel was liable for the fees before his bankruptcy; the dispute is whether they are dischargeable.  The district court's order is not final.

\* \* \* \* \* \* \*

This court does not have jurisdiction of the appeal, which is dismissed without prejudice to a later appeal.

_____

-6-