**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4271
_____

ROCHESTER DRUG COOPERATIVE INC

v.

GOODHEART PHARMACY INC; OBIOMA AGOUCHA;
and DAMIEN AGOUCHA,

Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-01787)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2017

Before:  GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: November 22, 2017)

_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

This is a dispute over money owed pursuant to two loan agreements. The District Court entered judgment in favor of the creditor, Appellee Rochester Drug Cooperative, Inc. ("RDC"), and against the debtors, GoodHeart Pharmacy, Inc. ("GoodHeart") and Appellants Obioma and Damien Agoucha (the "Agouchas").[1] We will affirm.

I.

RDC is a distributor of pharmaceutical, health and beauty-aid products and services. It is based in New York. GoodHeart operates a retail pharmacy in Philadelphia. The Agouchas own GoodHeart.

RDC sued GoodHeart and the Agouchas (collectively, "Defendants") in April 2016. RDC alleged that in December 2012, the companies entered into a credit agreement whereby RDC would extend credit to GoodHeart so that it could purchase products from RDC to sell in the Philadelphia pharmacy. The Agouchas allegedly agreed to be personal guarantors of GoodHeart's debt obligation under the credit agreement. Over the years GoodHeart purchased products from RDC on credit, but GoodHeart ultimately failed to timely remit payment to the tune of over $100,000.

RDC also alleged that Defendants executed a promissory note, by which they agreed to pay RDC the amount of $56,955.73 (plus interest) over 24 months. The money was loaned to Defendants so they could purchase products from RDC. Defendants defaulted on their obligations under the note; payments were tardy and/or partial. RDC alleged that it was owed over $35,000 on the note, plus interest, when it filed this action.

---

[1] Appellants' last name has apparently been misspelled throughout these proceedings, including in the case caption: it is "Aguocha," not "Agoucha." While recognizing this, we will continue to use the latter spelling for the sake of consistency in the record.

2

RDC's complaint set forth four claims: breach of contract and unjust enrichment claims against Defendants, a claim for "account stated" against GoodHeart and a breach of guarantee claim against the Agouchas. Defendants through counsel answered the complaint, then moved for partial summary judgment, asking the District Court to rule that they were liable under the credit agreement for no more than $50,000 (the amount of credit for which they originally applied). Defendants also claimed that the credit agreement's accruing interest rate for delinquent payments was usurious under New York law, which governed pursuant to a choice of law clause in the agreement. Defendants' motion relied only on the text of the credit agreement.

RDC moved for summary judgment on all of its claims. It relied on the credit agreement and the promissory note, plus internal accounting statements and invoices delivered to GoodHeart with the products sold to it on RDC's credit, to demonstrate the existence of enforceable contracts between the parties and Defendants' default thereunder. RDC claimed that, in addition to the amounts owed under the contracts, it was entitled to recover reasonable attorneys' fees and litigation costs.

The District Court denied Defendants' motion for partial summary judgment and granted RDC's motion for summary judgment, primarily because it was undisputed that Defendants had defaulted under the credit agreement and the promissory note. The District Court determined that RDC was entitled to reasonable attorney's fees under the credit agreement. The District Court entered judgment in favor of RDC and against Defendants, jointly and severally, in the amount of $155,599.06. This timely appeal

3

followed.[2]

II.

We have jurisdiction under 28 U.S.C. § 1291.[3]  Our review of an order granting

summary judgment is plenary.  See Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 192 (3d

Cir. 2015).  We apply the same standard as the District Court.  Thus, summary judgment

will be appropriate where there are no genuine issues of material fact and the movant is

entitled to judgment as a matter of law.  See Mylan Pharms. Inc. v. Warner Chilcott Pub.

---

[2] Defendants were all represented by the same attorney in the District Court proceedings. Defendants' original notice of appeal, however, was filed pro se.  After we notified Defendants that a corporation may appeal only through counsel, see Simbraw v. United States, 367 F.2d 373 (3d Cir. 1966) (per curiam), an amended Notice of Appeal was filed pro se by the Agouchas, on their behalf only.  No attorney appeared on behalf of GoodHeart within 21 days of our Simbraw notice and, as a result, we will dismiss the appeal as to GoodHeart.  See 3rd Cir. LAR 107.2.

[3] The District Court determined that RDC was entitled to reasonable attorney's fees, but RDC does not appear to have supplied the District Court with an itemization of fees incurred. The District Court thus has not yet fixed an award of fees.  While lingering issues can preclude a district court's judgment from achieving the state of finality required for appeal under § 1291, the Supreme Court has held that "a decision on the merits is a 'final decision' under § 1291 even if the award or amount of attorney's fees for the litigation remains to be determined."  Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, 134 S. Ct. 773, 777 (2014).  This is true "[w]hether the claim for attorney's fees is based on a statute, a contract, or both," id., so long as the fees are for the "litigation in question." Id. at 783; cf. In re Roussel, 769 F.3d 574, 578 (8th Cir. 2014).

We note, further, that it does not appear as though RDC moved for summary judgment on its unjust enrichment claim.  An un-adjudicated claim is one of those lingering issues that could impair our appellate jurisdiction. Cf. Owens v. Aetna Life & Cas. Co., 654 F.2d 218, 220 n.2 (3d Cir. 1981).  But RDC's unjust enrichment claim appears to have been pleaded only in the alternative to the breach of contract claim in the event that the credit agreement or promissory note was deemed unenforceable (which did not occur).  Cf. Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 586-87 (2d Cir. 2006).  Accordingly, the District Court's judgment was "final" for purposes of § 1291 and we may exercise jurisdiction in this appeal.

Ltd. Co., 838 F.3d 421, 433 n.42 (3d Cir. 2016). "Inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party." Id.

III.

The Agouchas' pro se brief, liberally construed, appears to raise the following claims on appeal: (1) "The District Court relied only on the statements made by [RDC]"; (2) the District Court did not consider RDC's decision to stop supplying GoodHeart with products once GoodHeart ceased "making payments [in] a timely manner"; (3) prior to RDC's decision to stop supplying GoodHeart with products, GoodHeart and RDC were operating pursuant to a "verbal agreement" permitting GoodHeart to make installment payments to cure its arrears; (4) the District Court failed to consider the efforts of GoodHeart's attorney to settle the dispute with RDC; and (5) the Agouchas are not personally liable for the debt obligations of GoodHeart.

We have considered the record and the parties' briefs, and agree with RDC that the Agouchas claims are either waived (being raised for the first time on appeal) or without merit. In particular, while the Agouchas suggest that the District Court gave undue favor to the arguments made by RDC, Defendants for their part offered no competent evidence to undermine the enforceability of the contracts at issue or to prove that the amounts allegedly owed to RDC were not in fact owed. Defendants offered no competent evidence to undermine the plain language of the credit agreement making the Agouchas guarantors of GoodHeart's payment responsibility and performance. See Supp. App'x at 16. In opposing summary judgment, the Agouchas submitted only copies

5

of the contracts at issue and their own sworn declarations identically stating that "Steve Finkelstein, on behalf of RDC, informed me that I was signing the Credit Application only on behalf of GoodHeart Pharmacy." Supp. App'x at 173, 175. To the extent that the Agouchas were attempting to raise a fraud-in-the-inducement defense, they failed to supply evidence that would sufficiently support the elements of that defense under New York law. See, e.g., Computerized Radiological Servs. v. Syntex Corp., 786 F.2d 72, 76 (2d Cir. 1986) (listing elements, and noting that "[u]nder New York law, fraud must be proved by clear and convincing evidence.").

Therefore, for the reasons given above, the judgment of the District Court will be affirmed.