# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3829

_____

| | | |
|---|---|---|
| In Re:  Dorholt, Inc., | * | |
| | * | |
| Debtor. | * | |
| ----------------------------------------------- | * | |
| Dwight R.J. Lindquist, Trustee, | * | |
| | * | Appeal from the Eighth Circuit |
| Appellant, | * | Bankruptcy Appellate Panel. |
| | * | |
| v. | * | |
| | * | |
| Marjorie Dorholt, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  June 13, 2000

Filed:  August 29, 2000

_____

Before LOKEN and BRIGHT, Circuit Judges, and HAND,[*] District Judge.

_____

LOKEN, Circuit Judge.

In March 1998, Marjorie Dorholt loaned $100,950 to Dorholt, Inc., a family printing business founded by her late husband.  In exchange, the company granted her a lien on its inventory, accounts receivable, fixtures, and equipment.  Due to a service

_____

[*]The HONORABLE WILLIAM BREVARD HAND, United States District Judge for the Southern District of Alabama, sitting by designation.

bureau's mistake, Marjorie's security interest was not perfected by filing until sixteen days later. In April 1998, the company went into bankruptcy. Trustee Dwight Lindquist commenced this adversary proceeding to avoid the security interest as a preferential transfer. The bankruptcy court agreed, but a divided Bankruptcy Appellate Panel reversed, concluding that Marjorie's security interest may not be avoided because it falls within the contemporaneous new value exception in § 547(c)(1) of the Bankruptcy Code, 11 U.S.C. § 547(c)(1). The trustee appeals, arguing the loan and the security interest were not "substantially contemporaneous" as a matter of law because the security interest was not perfected within ten days. We agree with the majority of circuits that have rejected this construction of the statute and therefore affirm.

The Bankruptcy Code allows the trustee to avoid (set aside) pre-bankruptcy transfers of the debtor's property that would result in preferential treatment of favored creditors. In general, an avoidable preference is a transfer of the debtor's property to or for the benefit of a creditor, on account of the debtor's antecedent debt, made less than ninety days before bankruptcy while the debtor was insolvent, that enables the creditor to receive more than she would in a Chapter 7 liquidation. See 11 U.S.C. § 547(b). This rule "is intended to discourage creditors from racing to dismember a debtor sliding into bankruptcy and to promote equality of distribution to creditors in bankruptcy." In re Jones Truck Lines, Inc., 130 F.3d 323, 326 (8th Cir.1997). Consistent with this purpose, § 547(c)(1) provides that a transaction is *not* a preferential transfer, even if made on the eve of bankruptcy, if the creditor provides new value in exchange for the debtor's contemporaneous transfer of, for example, a security interest. Other creditors are not adversely affected by such an exchange because the debtor's estate has received new value. Moreover, this exception encourages creditors to continue dealing with a troubled company, which may allow the company to escape bankruptcy altogether. See In re Jones, 130 F.3d at 326.

In this case, Marjorie concedes that her security interest meets the criteria for avoidance under § 547(b). This concession is correct even though it is not self-evident

that Dorholt, Inc., granted the security interest "on account of an antecedent debt." Although Marjorie loaned the company $100,950 on the same day it executed the security agreement, in order to discourage debtors from granting secret liens the Code expressly provides that the transfer of a security interest is deemed to be "at the time such transfer is perfected" unless the security interest is perfected within ten days. See 11 U.S.C. § 547(e)(2)(B). Marjorie's security interest was not perfected until sixteen days after it was granted. Thus, her loan was "antecedent" to the company's transfer of the security interest. See 5 LAWRENCE P. KING, ET AL., COLLIER ON BANKRUPTCY ¶ 547.05[5][a] (15th ed. rev. 2000).

As Marjorie's security interest is admittedly avoidable under § 547(b), the issue on appeal is whether it falls within the § 547(c)(1) exception for contemporaneous new value exchanges. That section provides that the trustee may not avoid a transfer:

> (1) to the extent that such transfer was–
>
> (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>
> (B) in fact a substantially contemporaneous exchange.

The trustee concedes that Marjorie and the debtor intended a contemporaneous exchange of a loan for a security interest, satisfying § 547(c)(1)(A). The issue is whether the exchange was in fact "substantially contemporaneous." The statute does not define that term.

The trustee argues that the transfer of a security interest is not substantially contemporaneous as a matter of law unless the security interest is perfected within the ten-day period set forth in §§ 547(e)(2)(A) and (B). Relying on In re Arnett, 731 F.2d 358 (6th Cir. 1984), the trustee argues there are two reasons for adopting this bright-

line rule in construing the term substantially contemporaneous. First, the trustee notes that another preferential transfer exception, § 547(c)(3), provides that a purchase money security interest is avoidable unless it is perfected within twenty days. See generally Fidelity Fin. Servs., Inc. v. Fink, 522 U.S. 211 (1998). Purchase money security interests are generally favored in the law, the trustee argues, so other security interests that are governed by § 547(c)(1) should be given less time in which to qualify for a preferential transfer exception. Second, the trustee argues that not incorporating § 547(e)(2)'s ten-day time limit into § 547(c)(1) would render § 547(e)(2) superfluous.

Like the Seventh Circuit and the Ninth Circuit, we disagree. See In re Marino, 193 B.R. 907, 912-16 (B.A.P. 9th Cir. 1996), aff'd, 117 F.3d 1425 (9th Cir. 1997); Pine Top Ins. Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 969 F.2d 321, 328-29 (7th Cir. 1992). Most importantly, the plain language of the statute is at odds with the trustee's bright-line test. The statute uses a more elastic term, *substantially* contemporaneous. "The modifier 'substantial' makes clear that contemporaneity is a flexible concept which requires a case-by-case inquiry into all relevant circumstances." Pine Top, 969 F.2d at 328. Congress knew how to adopt a specific time limit; it did so in the purchase money security interest exception, § 547(c)(3). It chose a less rigid standard for § 547(c)(1), no doubt because that provision governs a wider variety of loans and credit transactions. We must construe the statute accordingly.

We also reject the trustee' contention that § 547(e)(2)'s ten-day rule must be read into § 547(c)(1) or § 547(e)(2) becomes mere surplusage. Section 547(e)(2) defines when a transfer is made for purposes of § 547. If a security interest is perfected within ten days, the transfer is deemed made on the date of the transfer. If the security interest remains unperfected for more than ten days, the transfer is deemed made on the date of perfection. A transfer is not preferential under § 547 unless it is made within ninety days prior to bankruptcy (in the case of transfers to insiders, within one year). See 11 U.S.C. § 547(b)(4). Thus, § 547(e)(2) serves an essential purpose in

determining whether a transfer is avoidable, whether or not its ten-day limit is also read into the § 547(c)(1) exception.

For these reasons, we reject the trustee's rigid construction of substantially contemporaneous and adopt the case-by-case approach of the Seventh and Ninth circuits. That resolves the appeal but potentially leaves open the question whether Marjorie Dorholt's security interest was in fact substantially contemporaneous when it was perfected sixteen days after her loan. We conclude the trustee has waived this issue. On appeal, the trustee argued only that Marjorie's security interest was not substantially contemporaneous with her loan as a matter of law.[1] The trustee's concession seems appropriate -- it is undisputed that Marjorie injected $100,950 of new capital into the struggling debtor on March 2, 1998, and that her security interest would have been perfected more quickly but for a service bureau's filing error. Thus, her loan appears to be precisely the type of transaction that the § 547(c)(1) exception was intended to protect.

The judgment of the Bankruptcy Appellate Panel is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Bankruptcy Appellate Panel reversed the bankruptcy court; it did not remand for further fact-based inquiry. If the Bankruptcy Appellate Panel had remanded for "further judicial activity that is likely to affect the merits of the controversy," we would not have jurisdiction over this appeal under 28 U.S.C. § 158(d). In re Woods Farmers Coop. Elevator Co., 983 F.2d 125, 127 (8th Cir. 1993).