In re Thomas S. **HULING,** and Diana M. Huling, Debtors.

Diana M. Huling, and Thomas S. Huling, Plaintiffs,

v.

The Business Bank of St. Louis, Defendant.

Bankruptcy No. 06–45568–659. Adversary No. 07–4366–659.

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Oct. 28, 2009.

Bonnie L. Clair, Summers Compton Wells PC, St. Louis, MO, for Plaintiff.

A. Thomas DeWoskin, Danna McKitrick, PC, St. Louis, MO, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATHY A. SURRATT–STATES, Bankruptcy Judge.

The matter before the Court is Motion for Summary Judgment Filed by Plaintiffs, Memorandum of Law in Support of Motion for Summary Judgment, Affidavit of Thomas S. Huling in Support of Motion for Summary Judgment, Affidavit of Diana M. Huling in Support of Motion for Summary Judgment, Joint Stipulation of Material Uncontroverted Facts, Defendant's Response to Plaintiffs' Motion for Summary Judgment, Defendant's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment and Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Summary Judgment. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

Debtors Thomas S. Huling and Diana M. Huling (hereinafter "Plaintiffs") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 14, 2006 (hereinafter "Petition Date"). Plaintiffs continued to conduct their affairs as Debtors in Possession. The Business Bank of St. Louis (hereinafter "Defendant") is the holder of a Promissory Note executed by Plaintiffs (hereinafter "Note"). Joint Stipulation of Uncontroverted Material Facts, (hereinafter "Joint Stipulation") p. 2, ¶ 9.

On November 18, 2004, Plaintiffs closed on the purchase of real property located at 1943 Wright Street, St. Louis, Missouri 63107 (hereinafter "Real Property"). At this time, Defendant's funds were transferred to Plaintiffs in the amount of $184,593.00 for the purchase of the Real

Property. Joint Stipulation, p. 3, ¶¶ 17–18. Plaintiffs executed a Note for the $184,593.00 to Defendant on November 18, 2004, which demonstrates that Defendant and Plaintiffs intended for Plaintiffs to purchase the Real Property with the money from Defendant. Joint Stipulation, p. 2, ¶ 9; p. 3, ¶ 13. That same day, Plaintiffs executed a Deed of Trust with Future Advances and Future Obligations (hereinafter "Deed of Trust") that purported to grant Defendant a security interest in the Real Property. Joint Stipulation, p. 2, ¶ 11. At the time of closing, title to the Real Property was neither transferred from the previous owner, DHP, nor did ownership vest in the Plaintiffs. Joint Stipulation, p. 3, ¶¶ 14–16, 19. The Deed of Trust contained the following incorrect legal description of the Real Property:

> Part of Lots 39, 40, 41, 42 and the Western 4 Inches of Lot 38 in Block 2 of East Union Addition in Blocks 1134–W of the City of St. Louis, fronting together 98 Feet 1 Inch on the North Line of Wright Street, by a depth Northwardly of 113 Feet 10 Inches to an Alley.

Joint Stipulation, p. 2 ¶ 12.

The Deed of Trust incorrectly listed the legal description of the Real Property as including lots 39, 40, 41, 42 and a portion lot 38. The Deed of Trust should have only included lot 39 and a portion of Lots 40, and 38. Joint Stipulation p. 2, ¶ 12; p. 5, ¶ 32. Defendant did not record the Deed of Trust with the erroneous legal description noted above until April 21, 2006. Joint Stipulation, p. 3, ¶ 20; p. 3, ¶ 21.

On September 27, 2006, David B. Whitney and Janice H. Whitney conveyed their interest in the Real Property by Quit Claim Deed (hereinafter "Whitney Quit Claim Deed") to Plaintiffs. Joint Stipulation, pp. 3–4, ¶ 23. The Whitney Quit Claim Deed contained a revised legal description of the Real Property:

> A parcel of ground being Lot 39, along with the eastern 12.75 feet of Lot 40 and the western 0.33 feet of Lot 38 in Block 2 of East Union Addition and in Block 1134–W of the City of St. Louis, fronting together 37.08 feet of the north line of Wright Street by a depth of northwardly of 113 feet 10 inches to an alley.

Joint Stipulation, pp. 3–4, ¶ 23.

On October 9, 2006, Plaintiffs executed a Grantee Rider to the Whitney Quit Claim Deed. Joint Stipulation, p. 4, ¶ 24. On October 12, 2006, the Whitney Quit Claim Deed was recorded at the City of St. Louis Recorder of Deeds Office. Joint Stipulation, p. 4, ¶ 25. On September 29, 2006, DHP conveyed its interest in the Real Property by Quit Claim Deed (hereinafter "DHP Quit Claim Deed") to Plaintiffs. Joint stipulation, p. 4, ¶ 26. The DHP Quit Claim Deed contained the revised legal description of the Real Property referenced above. Joint Stipulation, p. 4, ¶ 26. On that same day, Plaintiffs executed a Grantee Rider to the DHP Quit Claim Deed. Joint Stipulation, p. 4, ¶ 27. On October 12, 2006, the DHP Quit Claim Deed was recorded in the City of St. Louis Recorder of Deeds Office. Joint Stipulation, p. 4, ¶ 28.

Plaintiffs executed a Re–Acknowledgment of Deed of Trust which purports to reacknowledge the provisions of the Deed of Trust on September 19, 2006. Joint Stipulation, p. 4, ¶¶ 29–30. On October 12, 2006, Defendant re-recorded the Deed of Trust (hereinafter the "Corrected Deed of Trust") with Plaintiffs Re-acknowledgment of Deed of Trust attached and the proper legal description of the Real Property contained therein. Joint Stipulation, p. 5, ¶¶ 31–32. The Corrected Deed of Trust was recorded in the City of St. Louis Recorder of Deeds office thirty-three (33)

days prior to the Petition Date. At the time of the recording of the Corrected Deed of Trust, Defendant, as holder of the Note, was a creditor of Plaintiffs who was owed a prior debt. Joint Stipulation, p. 5, ¶ 36. Plaintiffs were insolvent when the Corrected Deed of Trust was recorded. Joint Stipulation, p. 5, ¶ 37. Defendant was the initial transferee of the security interest created by the recorded Corrected Deed of Trust. Joint Stipulation, p. 5, ¶ 38. On June 5, 2007, Plaintiffs filed this Adversary Complaint to Avoid and Recover Preferential Transfer or, in the Alternative, to Declare the Validity, Extent and Priority of Liens (hereinafter the "Complaint"). Joint Stipulation, p. 6, ¶ 40.

Plaintiffs main argument is that recording of the Corrected Deed of Trust is a transfer, for the benefit of Defendant, made within 90 days of the date of filing, while Plaintiffs were insolvent and Defendant would receive more than it would under a Chapter 7 liquidation. Plaintiffs argue that the transfer can be avoided as a preferential transfer because even though Plaintiffs closed on the transaction on November 18, 2004, Defendant's security interest in the Real Property was not perfected until the recording of the Corrected Deed of Trust on October 12, 2006. Plaintiffs assert that Defendant's contemporaneous new value defense fails because the transfer of interest in the Real Property previously purchased by Plaintiffs with Defendant's funds does not represent new value. Plaintiffs contend that there was no intent by the parties for the exchange to be contemporaneous.

Further, Plaintiffs argue that if this Court finds that the transfer is avoidable, Plaintiffs should be allowed to recover the property transferred or the value of the property transferred. Alternatively, Plaintiffs argue that if the Court does not find that the preferential transfer is avoidable, this Court must determine the validity, extent, and priority of Defendant's security interest and/or lien in and to Plaintiffs' property. Plaintiffs argue that there is no genuine issue of material fact and thus summary judgment should be granted.

Defendant argues that the recording of the Corrected Deed of Trust does not constitute a transfer of an interest in Plaintiffs' property and that there is no avoidable preference in this transaction. Defendant contends under the affirmative defense of contemporaneous new value, Plaintiffs should not be able to avoid the transfer of the Corrected Deed of Trust because the transfer on November 18, 2004 was intended by Defendant and Plaintiffs to be a contemporaneous exchange for new value given to Plaintiffs. Further, the Deed of Trust was recorded on April 21, 2006, outside of the preference period. The October 12, 2006 filing, while within the preference period, was a mere re-recording of the Deed of Trust. Defendant admits that there is no genuine issue of material fact but asserts that the November 18, 2004 transaction was a transfer of an interest in Plaintiffs' property outside the preference period, therefore, there is no transaction to avoid and Plaintiffs' Motion for Summary Judgment should be denied.

### JURISDICTION AND VENUE

This Court has jurisdiction of this matter pursuant 28 U.S.C. §§ 151, 157 and 1334 (2007) and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (F), (K) and (O) (2007). Venue is proper in this District under 28 U.S.C. § 1409(a) (2007).

### CONCLUSIONS OF LAW

The main issue before the Court is whether summary judgment is appropriate under the facts of this case. "A motion for summary judgment proceeds under Rule 56 of the Federal Rules of Civil Procedure, made applicable in Bankruptcy proceedings by Rule 7056." *In re Gardner,* 220 B.R. 63, 64 (Bankr.E.D.Mo.1998). "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may ... move with or without supporting affidavits for a summary judgment in the party's favor ..." FED. R. BANKR.P. 7056(a) (2007).

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law." FED. R. BANKR.P. 7056(c) (2007). The movant must demonstrate that the record does not disclose a genuine dispute of a material fact and identify that portion of the record bearing that assertion. *City of Mount Pleasant v. Associated Elec. Coop., Inc.,* 838 F.2d 268, 273 (8th Cir.1988).

"When a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212–13 (1986). A court must view the evidence presented in a light most favorable to the non-moving party and the non-moving party must be given the benefit of any inferences reasonably drawn from such evidence. *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986); *Alpine Elec. Co. v. Union Bank,* 979 F.2d 133, 135 (8th Cir.1992).

"The movant can meet its burden for summary judgment by showing that little or no evidence may be found to support the non-movant's case." See *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986). "Once a movant has determined that no material facts are in dispute, the non-movant must set forth facts indicating a genuine issue for trial exists in order to avoid granting of summary judgment." See *Cifarelli v. Village of Babylon,* 93 F.3d 47, 51 (2nd Cir.1996) (citing *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2nd Cir.1990)).

### Avoidance of Transfer

■ The issue here is whether the transfer of Plaintiffs' interest in the Real Property to Defendant may be avoided. An avoidable preferential transfer is a transfer of a debtor's interest in property to or for the creditor's benefit, based on a debtor's pre-petition debt, made less than ninety (90) days before bankruptcy while the debtor is insolvent, which allows the creditor to receive more than the creditor would have received in a Chapter 7 liquidation. 11 U.S.C. § 547(b) (2007).

■ The intent of this Bankruptcy Code Section is to protect debtors by discouraging creditors from taking advantage of debtors falling into bankruptcy and to promote equality of distribution to all creditors in bankruptcy. *Id.* A transfer is a creation of a lien. 11 U.S.C. § 101(54) (2007). A transfer has been described as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest." *In re Meritt,* 7 B.R. 876, 878 (Bankr.W.D.Mo. 1980) (holding that the transaction was a voidable preference and the trustee was entitled to proceeds where the defendant filed a financing statement within 90 days

prior to bankruptcy). A transfer can be a perfection of a security interest. *Id.* at 878.

■ Defendant is a creditor of Plaintiffs because Defendant loaned Plaintiffs the funds to purchase the Real Property. The Note demonstrates the intent of Defendant and Plaintiffs for Plaintiffs to purchase the Real Property with Defendant's money. The Plaintiffs executed the Deed of Trust purporting to grant Defendant a security interest in the Real Property. Thus, the transfer of interest from Plaintiffs to Defendant was for the benefit of Defendant.

At closing on November 18, 2004, Defendant's funds were transferred to Plaintiffs in the amount of $184,593.00 for the purchase of the Real Property. On November 14, 2006, Plaintiffs filed their Chapter 11 Bankruptcy Petition. Here, the date of filing Plaintiffs' bankruptcy petition is almost two years after Plaintiffs received the loan from Defendant. Therefore, the transfer relates to a pre-petition debt.

In this instance, Plaintiffs attempted to grant a security interest in the Real Property to Defendant on November 18, 2004. However, title to the Real Property did not transfer from DHP to Plaintiffs, nor did it vest in Plaintiffs at this time. Also, the Deed of Trust dated November 18, 2004 was not recorded until April 21, 2006, and was recorded with an erroneous legal description.

On September 27, 2006, the Whitney Quit Claim Deed was delivered to Plaintiffs which contained the proper legal description of the Real Property. On September 29, 2006, DHP conveyed its interest in the Real Property via Quit Claim Deed to Plaintiffs. The DHP Quit Claim Deed contained the proper legal description of the Real Property. Plaintiffs executed a Grantee Rider to both the Whitney Quit Claim Deed and the DHP Quit Claim Deed on October 9, 2006 and September 29, 2006 respectively. On October 12, 2006, both the Whitney Quit Claim Deed and the DHP Quit Claim Deed were recorded in the City of St. Louis Recorder of Deeds office. On that same day, Defendant re-recorded the Corrected Deed of Trust along with Plaintiffs Re–Acknowledgment of Deed of Trust. The issue here does not lie in the fact that an erroneous deed was recorded and that the Corrected Deed of Trust was re-recorded at a later date. Rather, the issue in this case is that at the time the Deed of Trust was initially recorded, DHP's interest in the Real Property had not passed to Plaintiffs making it impossible for Plaintiffs to have transferred any interest to Defendant. At the April 21, 2006 recording, Plaintiffs did not have rights and title to the Real Property and therefore could not have granted a security interest in the Real Property to Defendant. DHP's interest was not transferred to Plaintiffs until September 29, 2006, and was recorded on October 12, 2006. Plaintiffs could not transfer their interest in the Real Property to Defendant until Plaintiffs acquired rights in and title to the Real Property, which occurred on October 12, 2006. The Corrected Deed of Trust was recorded after Plaintiffs acquired rights in and title to the Real Property.

■ A properly executed deed of trust is perfected by recording it with the Recorder of Deeds Office where the property is situated. Thus, perfection did not occur until the Corrected Deed of Trust was recorded on October 12, 2006. The recording of the Corrected Deed of Trust marked the first time Plaintiffs transferred their interest in the Real Property to Defendant.

Given that Plaintiffs filed their bankruptcy petition one month and two days later, Plaintiffs were insolvent when their interest in the Real Property was transferred to Defendant. Moreover, it is apparent that the transfer occurred within 90 days of the filing of Plaintiffs' Bankruptcy Petition.

Defendant puts forth the contemporaneous new value defense. The defense operates to prevent a transaction from being considered preferential and therefore avoidable when the creditor provides new value in exchange for the debtor's contemporaneous transfer of a security interest. 11 U.S.C. § 547(c)(1) (2007); *In re Dorholt, Inc.*, 224 F.3d 871, 873 (8th Cir.2000). The defense fails here because the requirement that the parties intend to make a contemporaneous exchange for new value, as well as there being some item that qualifies as new value, has not been met, given the timing that Defendant's security interest was recorded and perfected. On these facts, this Court finds that the transfer may be avoided.

### Liability of Bank and Recovery by Plaintiffs

The next issue is whether Plaintiffs can recover transferred property for the benefit of the estate. Pursuant to 11 U.S.C. § 550(a), Plaintiffs may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from the initial transferee for whose benefit the transfer was made, or any immediate transferee of the initial transferee. 11 U.S.C. § 550(a) (2007); *Davis v. Davenport (In re Davenport)*, 147 B.R. 172, 183 (Bankr.E.D.Mo. 1992) (Trustee filed suit against defendants to set aside a transfer of funds). Plaintiffs assert that a determination by this Court that the above transfer is avoidable also requires this Court to find that

Plaintiffs can recover the transferred property or the value of the property.

Here, Plaintiffs attempted to transfer their interest in the Real Property directly to Defendant. Thus, Defendant is the initial transferee, who benefitted from this transfer. Therefore, this Court finds that Plaintiffs can recover the transferred property or the value thereof. Defendant is only entitled to a pro rata share of any distribution given to unsecured creditors of the bankruptcy estate because Defendant has no security interest in or rights to the Real Property.

Therefore, this Court agrees with Plaintiffs and finds that there is no genuine issue of material fact in this case and that Plaintiffs are entitled to judgment as a matter of law. Thus, by separate order, Plaintiffs' Motion for Summary Judgment will be Granted.